IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH E. STEVENSON,

    Petitioner,                   No. 2:12-cv-0188 CKD P

    vs.

CONNIE GIPSON[1],                 ORDER

    Respondent.
_____/

        Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) Before the court is respondent's motion to dismiss the petition. (Dkt. No. 14.) Petitioner has filed an opposition to that motion, and respondent has filed a reply. (Dkt. Nos. 16, 19.) The parties have consented to this court's jurisdiction. (Dkt. Nos. 8, 13.) For the reasons discussed below, the undersigned will grant respondent's motion to dismiss.

---

[1] In the instant action, petitioner has named Raul Lopez as respondent. Respondent requests the substitution of Connie Gipson, the current Acting Warden of California State Prison, Corcoran, as the correct respondent in this matter. See <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994) ("A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition."). Accordingly, the court now substitutes in the correct respondent.

BACKGROUND

On July 19, 2005, in the Shasta County Superior Court, petitioner pled guilty to lewd or lascivious acts on a child under the age of fourteen years old. He also admitted two prior felony convictions. He was sentenced to an indeterminate state prison term of twenty-five years to life. (Lod. Doc. 1, 3.)[2]

Petitioner did not directly appeal the judgment. However, between May 2006 and May 2011, he filed seven pro se collateral challenges to the judgment in the state courts. (Lod. Doc. 2-15.) His most recent state habeas petition was denied by the California Supreme Court on October 12, 2011. (Lod. Doc. 15.)

On October 22, 2007, petitioner filed a prior federal habeas action challenging his 2005 conviction and sentence in Stevenson v. Adams, No. 2:07-cv-2278 GEB JFM (E.D. Cal.) (Stevenson I). In the petition, he claimed (1) ineffective assistance of counsel, for failing to advise petitioner of the sentence he faced if he pled guilty; and (2) his sentence was illegal. (Stevenson I, Dkt. No. 1.) On May 13, 2008, the district court adopted findings and recommendations dismissing the petition for untimeliness under AEDPA. (Id, Dkt. Nos. 18, 21.) On January 21, 2009, the Ninth Circuit Court of Appeals denied petitioner's request for a certificate of appealability under 28 U.S.C. § 2253(c)(2). (Id., Dkt. No. 29.)

Petitioner constructively filed this action on January 4, 2012. (Dkt. No. 1.) He claims (1) his due process rights were violated when he was coerced into an involuntary plea; and (2) he received ineffective assistance of counsel in connection with his guilty plea.

MOTION TO DISMISS

Because the instant petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008; Furman v.

---

[2] Lodged documents refer to those documents lodged by respondent on April 17, 2012. (Dkt. No. 15.)

Wood, 190 F.3d 1002, 1004 (9th Cir.1999).

In his April 17, 2012 motion to dismiss, respondent argues that the petition should be dismissed because it is successive under 28 U.S.C. § 2244(b). Alternatively, respondent argues that the petition should be dismissed because it time-barred under the AEDPA statute of limitations, 28 U.S.C. § 2244(d).

In his May 14, 2012 opposition, petitioner asserts that dismissal of the petition for procedural reasons would constitute a violation of his due process rights. (Dkt. No. 16.) He argues that his conviction and sentence are "subject to judicial correction," thus he "should not be required to satisfy the procedural requirements for filing a second or successive motion for relief[.]" (Id. at 3.) The gravamen of petitioner's opposition is that his constitutional claims must be decided on their merits.

ANALYSIS

The court will first consider whether the petition is successive, and if so, whether it must be dismissed on that basis.

"A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits. A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Circ. 2009) (internal citations omitted).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485–487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed as "mixed" petition containing exhausted and unexhausted claims where no claim in initial petition adjudicated on the merits). However, in McNabb, the Ninth Circuit held that "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims. . . . We

therefore hold that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b)." 576 F.3d at 1030. Here, because petitioner's prior federal habeas petition was dismissed for untimeliness, the instant petition is considered successive.

Under the AEDPA, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). See Pizzuto v. Blades, 673 F.3d 1003, 1007 (9th Cir. 2012).

The instant petition raises a new ground to challenge petitioner's 2005 conviction, and is therefore subject to the requirements of § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a successive petition meets these requirements. Section 2244(b)(3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he or she can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656–657 (1996). This court must dismiss any claim presented in a second or successive habeas corpus application under section 2254 unless the Court of Appeals has given petitioner leave to file the petition. 28 U.S.C. § 2244(b)(1). This limitation has been characterized as jurisdictional. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

Because the petition must be dismissed as successive, the court need not reach the merits of respondent's argument that the petition is time-barred under AEDPA.

4

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is to substitute Connie Gipson, Acting Warden of California State Prison, Corcoran, as respondent in the docket of this case.

2. Respondent's April 14, 2012 motion to dismiss (Dkt. No. 14) is granted; and

3. The petition (Dkt. No. 1) is dismissed.

Dated: June 28, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
stev0188.mtd